**FLORIDA HOME BUILDERS ASSOCIATION, Plaintiff,**

v.

**Gale A. NORTON, United States Fish and Wildlife Service, H. Dale Hall, Defendants.**

**No. 6:05–cv–1675–Orl–28UAM.**

United States District Court, M.D. Florida, Orlando Division.

July 10, 2007.

---

**1332**

Steven Geoffrey Gieseler, Pacific Legal Foundation, Sacramento, CA, for Plaintiff.

Rebecca J. Riley, U.S. Dept. of Justice, Washington, DC, for Defendants.

## ORDER

ANTOON, District Judge.

The Secretary of the Interior, through the United States Fish and Wildlife Service, in contravention of statutory duty, has failed to conduct the nondiscretionary, five-year status reviews of species listed as endangered or threatened[1] in the Federal Register. Plaintiff seeks an order declaring that Defendants have violated the En-

dangered Species Act ("ESA") and that the failure to conduct the status reviews constitutes agency action "unlawfully withheld" in violation of the Administrative Procedure Act ("APA"). Plaintiff also seeks an order compelling Defendants to conduct the reviews within a reasonable period of time, but within one year of the entry of this Order.

The question before the Court is whether the citizen-suit provision of the ESA, 16 U.S.C. § 1540(g)(1)(C), precludes Plaintiff from initiating this suit under the APA, 5 U.S.C. § 704, thereby depriving this Court of subject matter jurisdiction.[2] The APA is not a grant of subject matter jurisdiction; another statute must afford the Court jurisdiction to review a matter pursuant to the APA. Although the Court may review this administrative inaction under both the ESA and the APA, the reviewing mechanism is ultimately immaterial as the remedy is the same under either scheme. With no genuine issues of material fact in dispute and with only questions of law remaining, the matter is ripe for summary disposition.

Species determined by the Secretary of the Interior or the Secretary of Commerce to be either endangered or threatened are listed in the Federal Register. 16 U.S.C. § 1533(c)(1). Following such listing, the "Secretary shall conduct, at least once every five years, a review of all species included in a list" and "determine ... whether any such species should (i) be

---

**1.** The term species "includes any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range other than a species of the Class Insecta determined by the Secretary to constitute a pest whose protection ... would present an overwhelming and overriding risk to man." *Id.* § 1532(6). A "threatened species" is "any species which is

likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

**2.** This cause is before the Court on Plaintiff's Dispositive Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 17) and Defendants' Cross–Motion for Summary Judgment (Doc. 18) and Memorandum in Support of Cross–Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment (Doc. 18–2).

removed from such list; (ii) be changed in status from an endangered species to a threatened species; or (iii) be changed in status from a threatened species to an endangered species." *Id.* § 1533(c)(2)(A)-(B). Defendants concede that the Secretary's duty to conduct status reviews every five years is a mandatory and nondiscretionary duty and that the reviews have not been conducted for eighty-nine of the species listed in the Complaint.[3] (Doc. 18–2 at 2, 3.)

■ Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States); 5 U.S.C. § 702 *et seq.* (judicial review of federal agency actions unlawfully with-held); 16 U.S.C. § 1540(c) (actions arising under the ESA); and 16 U.S.C. § 1540(g) (ESA citizen suit provision). Defendants argue that their failure to conduct the mandatory status reviews is not an agency action that is reviewable under the APA.[4] With respect to this issue, neither side's arguments particularly aid the Court and there is little precedent on the subject from the Eleventh Circuit. Defendants argue that "the APA affords relief only where there is no other adequate judicial remedy" and that "the ESA citizen suit provision provides Plaintiff with an adequate remedy for the alleged viola-tion...." (Doc. 18–2 at 4–5.) Defendants therefore assert that the Court lacks subject matter jurisdiction[5] over Plaintiff's

**3.** Plaintiff's Complaint identifies ninety species with overdue and owing endangered species status reviews (Compl., Doc. 1 at 5–17); however, the United States Fish and Wildlife Service has since completed review of the Red–Cockaded Woodpecker, and claims regarding the Red–Cockaded Woodpecker are therefore moot. (*See* Doc. 17 at 17; Doc. 18–2 at 3–4, 9.) Thus, reviews are due for eighty-nine endangered or threatened species: the American Crocodile, the Anastasia Island Beach Mouse, the Atlantic Salt Marsh Snake, the Audubon's Crested Caracara, the Bald Eagle, the Bluetail Mole Skink, the Chipola Slabshell, the Choctawhatchee Beach Mouse, the Eastern Indigo Snake, the Everglade Snail Kite, the Fat Three–Ridge (Mussel), the Florida Grasshopper Sparrow, the Florida Salt Marsh Vole, the Florida Scrub Jay, the Gray Bat, the Green Sea Turtle, the Gulf Moccasinshell, the Gulf Sturgeon, the Hawks-bill Sea Turtle, the Kemp's Ridley Sea Turtle, the Key Largo Cotton Mouse, the Key Largo Woodrat, the Leatherback Sea Turtle, the Loggerhead Sea Turtle, the Lower Keys Marsh Rabbit, the Ochlockonee Moccasin-shell, the Oval Pigtoe, the Perdido Key Beach Mouse, the Piping Plover, the Purple Bank-climber, the Red Wolf, the Rice Rat, the Roseate Tern, the Sand Skink, the Schaus Swal-lowtail Butterfly, the Shinrayed Pocketbook, the Southeastern Beach Mouse, the Squirrel Chimney Cave Shrimp, the Stock Island Tree Snail, the West Indian Manatee, the Wood Stork, the American Chaffseed, the Apalachi-cola Rosemary, the Avon Park Harebells, the Beautiful Pawpaw, the Britton's Beargrass, the Brooksville Bellflower, the Carter's Mustard, the Chapman Rhododendron, the Cooley's Meadowrue, the Cooley's Water Willow, the Crenulate Lead-plant, the Etonia Rosemary, the Florida Bonamia, the Florida Golden Aster, the Florida Perforate Cladonia, the Florida Skullcap, the Florida Torreya, the Florida Ziziphus, the Four-petal Pawpaw, the Fragrant Prickly-apple, the Garber's Spurge, the Garrett's Mint, the Gentian Pinkroot, the Godfrey's Butterwort, the Harper's Beauty, the Highlands Scrub Hypericum, the Key Tree–Cactus, the Lakela's Mint, the Lewton's Polygala, the Longspurred Mint, the Micco-sukee Gooseberry, the Okeechobee Gourd, the Papery Whitlow-wort, the Pigeon Wings, the Pygmy Fringe-tree, the Rugel's Pawpaw, the Sandlace, the Scrub Blazing Star, the Scrub Buckwheat, the Scrub Lupine, the Scrub Mint, the Scrub Plum, the Short-leaved Rosemary, the Snakeroot, the Telephus Spurge, the White Birds–in–a–Nest, the Wide-leaf Warea, and the Wireweed. (Pl.'s Compl. ¶¶ 17–106; Doc. 17 at 2–15.)

**4.** Defendants state that "[r]egardless of the *outcome of this lawsuit, the Service intends to* complete status reviews for the eighty-nine remaining species in accordance with the plan provided...." (Doc. 18–2 at 4.)

**5.** The APA does not provide an independent source of subject matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 105, 107, 97 S.Ct.

suit to compel agency action to the extent that it arises under the APA. In support of this conclusion, Defendants only partially quote the APA provision delineating which actions are reviewable by the courts.

■ The full text of the APA provision at issue states that courts may review both "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court...." 5 U.S.C. § 704 (emphasis added). Thus, the APA permits the Court to review two distinct categories of agency action: that which is made reviewable by statute and that which is final for which there is no other adequate remedy. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Bowen v. Massachusetts,* 487 U.S. 879, 904, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) ("The Administrative Procedure Act provides specifically not only for review of '[a]gency action made reviewable by statute' but also for review of 'final agency action for which there is no other adequate remedy in a court.' ") (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (internal citation omitted)); *Pennaco Energy, Inc. v. U.S. Dep't of Interior,* 377 F.3d 1147, 1155 (10th Cir. 2004). Under a plain reading of the text, the requirement of "no other adequate remedy in a court" modifies "final agency action." Thus, under Defendants' formulation that actions are unreviewable *if* an adequate remedy exists, in order for the ESA citizen suit provision to preclude Plaintiff's APA claim, the failure to conduct nondiscretionary status reviews of endangered or threatened species must be deemed "final agency action." [6]

■ For agency action to be considered final, two conditions must be satisfied. "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which legal consequences will flow.' " *Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970)) (internal citation omitted). Defendants' failure to conduct mandatory, nondiscretionary status reviews is agency action, but it is not *final* agency action. It is neither the ultimate end of the agency's decisionmaking process, nor does it determine any rights or obligations. Moreover, Plaintiff has not attempted to establish that Defendants' failure to act constitutes final agency action.

■ Although not addressed by Defendants and although there is little authority on the issue, Defendants' failure to comply

---

980, 51 L.Ed.2d 192 (1977). Jurisdiction must be established by another statute. The ESA states that "[t]he district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties ... to order the Secretary to perform such act or duty, as the case may be." 16 U.S.C. § 1540(g)(1). Moreover, "the injunctive relief provided [by the citizen suit provision] shall not restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or limitation or to seek any other relief (including relief against the Secretary or a State agency)." *Id.* § 1540(g)(5).

6. "The APA defines 'agency action' to include 'the whole or part of any agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act.*' " *Nat'l Ass'n of Home Builders v. Norton,* 298 F.Supp.2d 68, 75 (D.D.C.2003) (emphasis added) (quoting 5 U.S.C. § 551(13)).

with a mandatory duty falls within the first category of actions reviewable under the APA as an agency action, or *inaction*, "made reviewable by statute," 5 U.S.C. § 704, because the ESA explicitly "provides a private right of action," *see Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61–62, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004), to compel the Secretary of the Interior to perform the duties outlined in section 1533 that are not discretionary. 16 U.S.C. § 1540(g)(1)(C) ("[A]ny person may commence a civil suit on his own behalf ... against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary."); *id.* § 1533(c)(2)(A) ("The Secretary *shall* conduct, at least once every five years, a review of all species included in a list which is published pursuant to paragraph (1) and which is in effect at the time of review ....") (emphasis add-

ed): *see also Bennett*, 520 U.S. at 171–73, 117 S.Ct. 1154. Defendants all but concede that Plaintiff is entitled to relief under the ESA's citizen suit provision, 16 U.S.C. § 1540(g)(1)(C). (Doc. 18–2 at 6 ("To the extent Plaintiff is arguing that the Service failed to perform a non-discretionary duty under Section 4 of the ESA, 16 U.S.C. § 1540(g)(1)(C) provides the appropriate avenue for relief.").) Thus, the Court has subject matter jurisdiction over Plaintiff's APA claims because the failure to conduct mandatory, nondiscretionary reviews is "agency action made reviewable" by the ESA's citizen suit provision. Although jurisdiction also rests directly under the ESA, the Court concludes that it can review Defendants' inaction under the standards set forth in 5 U.S.C. § 706(1).[7]

Section 706(1) provides that a "reviewing court shall ... compel agency action unlawfully withheld or unreasonably

---

**7.** A few cases suggest that § 706(1) provides an independent cause of action to compel an agency to perform a statutory duty. *See, Wyoming v. U.S. Dep't of the Interior*, 360 F.Supp.2d 1214, 1231 (D.Wyo.2005) ("In order to invoke jurisdiction under § 706(1), the Plaintiffs must demonstrate that the agency failed to perform an act that was legally required."); *Nat'l Res. Def. Council v. U.S. Envtl. Prot. Agency*, No. Civ. RDB 03–2444, 2005 WL 1241904, at *6 (D.Md. May 24, 2005) ("Section 706(1) provides for review of agency inaction on a limited basis, where an 'agency action [is] unlawfully withheld or unreasonably delayed.' ") (quoting 5 U.S.C. § 706(1)). However, these cases did not analyze whether the suit fits within the APA's internal limits on judicial authority to review or compel agency action contained within § 704 (courts may review "agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court") and § 701 (the APA does not apply to statutes precluding judicial review or agency action committed to agency discretion by law). The Court interprets the APA as first requiring the Court to establish that the suit fits within one of the two categories of § 704 and that the suit does not fall

within either of the limitations of § 701 before proceeding to the standards of review set forth in § 706. Another line of cases imports the APA standard of review to the ESA's citizen suit provision as a default because the ESA contains no internal standard of review. *Inst. for Wildlife Prot. v. Norton*, 149 Fed. Appx. 627, 629 n. 2 (9th Cir.2005); *Water Keeper Alliance v. U.S. Dep't of Def.*, 271 F.3d 21, 31 (1st Cir.2001); *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 522 (9th Cir.1998); *Dickson v. Sec'y of Def.*, 68 F.3d 1396, 1404 n. 12 (D.C.Cir. 1995); *Nat'l Res. Def. Council*, 2005 WL 1241904, at *5–6 (concluding that § 706's standard of review is invoked as a default standard and also as an independent basis of judicial review); *Endangered Species Comm. v. Babbitt*, 852 F.Supp. 32, 36 (D.D.C.1994); *cf. Atlantic Green Sea Turtle v. County Council*, No. 6:04–cv–1576, 2005 WL 1227305, at *16 (M.D.Fla. May 3, 2005). If the Court followed this line of authority, it could utilize the APA standard of review to consider Plaintiff's ESA claims—and thus reach the same ultimate conclusion—even if Plaintiff could not establish that Defendants' inaction was reviewable under the APA.

delayed...." 5 U.S.C. § 706(1). Agency action is unlawfully withheld when the agency has "failed to take a *discrete* agency action that it is *required to take.*" *S. Utah Wilderness Alliance,* 542 U.S. at 64, 124 S.Ct. 2373; *see also Forest Guardians v. Babbitt,* 174 F.3d 1178, 1189–90 (10th Cir.1999). Defendants acknowledge that they have failed to comply with a mandatory, nondiscretionary, Congressional directive to undertake status reviews of threatened or endangered species within the five-year deadline established by statute. The Court can and must compel Defendants to act.

Defendants assert that budgetary and resource constraints precluded the Secretary from fulfilling the obligation imposed by Congress. Defendants should take up such constraints with Congress rather than let mandatory deadlines expire with inaction. *See* Catherine Zailer, Note, *The Case for Strict Statutory Construction of Mandatory Agency Deadlines Under Section 706(1),* 42 Wm. & Mary L.Rev. 1545, 1572 (2001). Plaintiffs request that Defendants complete the overdue reviews within "a reasonable period of time," (Compl., Prayer for Relief ¶ 3), but "in no event later than 365 days after the Court's order." (Doc. 17 at 2). Because Defendants have failed to carry out their statutory duty and because the failure to abide by the obligation was never enforced, Defendants face a substantial backlog of species that require review. The backlog renders compliance within a year's time unrealistic, if not impossible. Thus, Defendants urge the Court to adopt the schedule set forth in the Declaration of Bryan Arroyo, the Acting Assistant Director for Endangered Species of the United States Fish and Wildlife Service. (Decl. of Bryan Arroyo, Doc. 18–3 at ¶ 29.) The schedule would have the Service complete the outstanding eighty-nine reviews by September 30, 2010. (*Id.*) Considering the number of overdue reviews, logistical difficulties, and the hefty price tag of approximately $30,000 per species attached to *each* review (*Id.* ¶ 12), Defendants' proposed schedule is reasonable and it will be adopted. Accepting Defendants' schedule in no way excuses the Service's noncompliance with legislative mandates. In the future, Defendants should address budgetary concerns to Congress.

Accordingly, it is **ORDERED** and **ADJUDGED:**

1. Plaintiff's Motion for Summary Judgment (Doc. 17) is **GRANTED** in part. Defendants' Cross Motion for Summary Judgment (Docs. 18 & 18–2) is **DENIED.** Plaintiff's claims pertaining to the Red–Cockaded Woodpecker, however, are **DENIED** as moot.

2. Pursuant to Counts I and II, Defendants are **DECLARED** in violation of 16 U.S.C. § 1533(c)(2) and 5 U.S.C. § 706(1) by failing to conduct mandatory status reviews of eighty-nine Florida species set forth in the Complaint (Doc. 1) and in Plaintiff's Motion for Summary Judgment (Doc. 17).

3. Defendants are **ORDERED** to conduct the 16 U.S.C. § 1533(c)(2) outstanding mandated status reviews of the eighty-nine Florida species. Defendants are permitted to complete the reviews in accordance with the proposed schedule set forth in the Declaration of Bryan Arroyo. (Doc. 18–3 ¶ 29.) All reviews are to be completed by September 30, 2010. (*Id.*)

4. The Clerk is directed to enter judgment in favor of Plaintiff and thereafter close this file.